**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No.**

**KATHY HAYES,**

Plaintiff, **JURY TRIAL DEMANDED**

v. **INJUNCTIVE RELIEF SOUGHT**

**CAPITAL ONE NATIONAL ASSOCIATION,** and **ZWICKER & ASSOCIATES PC,**

Defendants.
_______________________________________/

## COMPLAINT

Plaintiff Kathy Hayes ("Plaintiff") sues Capital One National Association and Zwicker & Associates PC (collectively, the "Defendants") for violations of the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Pinellas County, Florida.

4. Defendant Capital One National Association ("Capital One") is a National Banking Company, with its principal place of business located in McLean, Virginia.

5. Defendant Zwicker & Associates PC ("Zwicker") is a Massachusetts corporation, with its principal place of business located in Andover, Massachusetts.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

7. On a date better known by Capital One, Capital One began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Consumer Debt, Capital One, National Association, and Plaintiff (the "Subject Service").

9. The Subject Service was primarily for personal, family, or household purposes.

10. In particular, the Consumer Debt relates to an unsecured line of credit with an account ending in 1483.

11. Capital One is a "person" within the meaning of Fla. Stat. § 559.72.

12. Zwicker is a "person" within the meaning of Fla. Stat. § 559.72.

13. On February 24, 2025, Capital One was notified in writing (the "Notice") that: **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff revoked any consent Capital One had to communicate with Plaintiff directly; **[3]** Capital One was not to contact Plaintiff directly; and **[4]** any correspondence should be sent to Plaintiff's attorney.

14. Capital One received the Notice on February 24, 2025.

15. Attached as Exhibit "A" is the Notice.

16. Upon receipt of the Notice, Capital One knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

17. Upon receipt of the Notice, Capital One knew Plaintiff was represented by an attorney with respect to the Consumer Debt.

18. Upon receipt of the Notice, Capital One knew it could not attempt to collect the Consumer Debt from Plaintiff directly.

19. By and through the Notice, Capital One had knowledge of, or can readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

20. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and that Capital One was not permitted to contact Plaintiff directly, Capital One contracted with Zwicker to collect, or attempt to collect, the Consumer Debt from Plaintiff.

21. In contracting with Zwicker to collect, or attempt to collect, the Consumer Debt from Plaintiff, Capital One disclosed to Zwicker that, *among other things*: [1] the existence of the Consumer Debt; [2] the creditor of the Consumer Debt; and [3] the amount of the Consumer Debt.

22. In contracting with Zwicker to collect, or attempt to collect, the Consumer Debt from Plaintiff, Capital One disclosed to Zwicker that, *among other things*: [1] Plaintiff disputed the Consumer Debt; [2] Plaintiff was represented by an attorney with respect to the Consumer Deb; and [3] provided Zwicker with information sufficient to allow Zwicker to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

23. On a date better known by Defendants, Zwicker, on behalf of Capital One, began attempting to collect the Consumer Debt from Plaintiff.

24. Zwicker is a business entity engaged in the business of soliciting consumer debts for collection.

25. Zwicker is a business entity engaged in the business of collecting consumer debts.

26. Zwicker regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

27. Zwicker is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

28. Zwicker's "Consumer Collection Agency" license number is CCA0900544.

29. Zwicker maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

30. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Zwicker does maintain, are current to within one week of the current date.

31. For Zwicker's "Consumer Collection Agency" license to remain valid, Zwicker is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

32. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Zwicker *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

33. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Zwicker *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

34. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and Plaintiff could not be contacted directly, Capital One, by and through Zwicker, sent Plaintiff a letter, internally dated May 28, 2025, (the "Collection Letter") in an attempt to collect the Consumer Debt.

35. Attached as Exhibit "B" is a copy of the Collection Letter.

36. The Collection Letter is a communication from Capital One by and through Zwicker.

37. The Collection Letter is a communication from Capital One to Plaintiff in connection with the collection of the Consumer Debt.

38. The Collection Letter is a communication from Zwicker to Plaintiff in connection with the collection of the Consumer Debt.

39. The Collection Letter represents an action to collect a debt by Capital One.

40. The Collection Letter represents an action to collect a debt by Zwicker.

41. The Collection Letter fails to disclose or communicate to Plaintiff that the Consumer Debt is disputed.

42. Receiving the Collection Letter caused Plaintiff to waste time.

43. Plaintiff would not have received the Collection Letter and expended time deliberating what action was required in respond to the Collection Letter had Defendants communicated directly with Plaintiff's attorney as requested by Plaintiff in the Notice.

44. Plaintiff wasted time opening and reviewing the Collection Letter, as well as wasted time questioning why Plaintiff received the Collection Letter instead of Plaintiff's attorney.

45. The Collection Letter caused Plaintiff to be confused as to why Plaintiff was receiving direct communications regarding the Consumer Debt, as Plaintiff knew Capital One was notified that Plaintiff was represented by an attorney, disputed the Consumer Debt, and that all communications concerning the Consumer Debt was to be directed to Plaintiff's attorneys.

46. The Collection Letter communicates credit information by representing the Consumer Debt as in default with payment past-due and otherwise outstanding,

identifying the creditor of the Consumer Debt, and stating the amount of the Consumer Debt purportedly owed to Capital One.

47. The Collection Letter fails to communicate that the Consumer Debt is disputed by Plaintiff.

**COUNT 1**
**VIOLATION OF FLA. STAT. § 559.72(18)**
(against Capital One)

48. Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

49. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address*…." Fla. Stat. §559.72(18) (emphasis added).

50. As stated above, Capital One knew Plaintiff was represented by an attorney with respect to the Consumer Debt as of February 24, 2025. Despite knowing this, Capital One communicated and/or contact Plaintiff directly, by and through the Collection Letter it (Capital One) contracted with Zwicker to send, in connection with the collection of the Consumer Debt.

51. Accordingly, Capital One violated Fla. Stat. § 559.72(18) by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter it (Capital One) contracted with Zwicker to send to Plaintiff.

52. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Capital One, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Capital One from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF FLA. STAT. § 559.72(6)**
(against Capital One)

53. Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

54. Pursuant to § 559.72(6) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.*" Fla Stat. § 559.72(6) (emphasis added).

55. As stated above, after Capital One was notified on February 24, 2025, that Plaintiff disputed the Consumer Debt by and through the Notice, Capital One contracted with Zwicker to collect, or attempt to collect the Consumer Debt from Plaintiff. In so doing, Capital One disclosed to Zwicker the existence of the Consumer Debt, that the Consumer Debt was owed to Capital One by Plaintiff; and that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt. Thus, to the extent Zwicker claims it *was not* notified by Capital One that Plaintiff disputed the validity of the Consumer Debt, Capital One violated § 559.72(6) by failing to disclose to Zwicker that that fact when contracting with Zwicker to collect, or attempt to collect the Consumer Debt.

56. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Capital One, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Capital One from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
(against Zwicker)

57. Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

58. Pursuant to § 1692c(a)(2) of the FDCPA, "…a debt collector may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

59. As set forth above, in contracting with Zwicker to collect, or attempt to collect, the Consumer Debt, Capital One informed Zwicker that Plaintiff was represented by an attorney with respect to the Consumer debt and provided Zwicker with information sufficient to allow Zwicker to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

60. Accordingly, Zwicker violated § 1692c(a)(2) of the FDCPA by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter.

61. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Zwicker, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable

attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### VIOLATION OF 15 U.S.C. § 1692e(8)
(against Zwicker)

62. Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

63. Pursuant to § 1692e(8) of the FDCPA, debt collectors are prohibited from communicating with "any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

64. As set forth above, Zwicker knew that Plaintiff disputed the Consumer Debt because, in contracting with Zwicker to collect, or attempt to collect, the Consumer Debt, Capital One informed Zwicker that Plaintiff disputed the Consumer Debt. As mentioned above, however, the Collection Letter fails disclose or otherwise communicate to Plaintiff that the Consumer Debt is disputed.

65. Thus, Zwicker violated § 1692c(a)(2) of the FDCPA by failing to communicate and/or disclose in the Collection Letter that the Consumer Debt is disputed.

66. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Zwicker, awarding Plaintiff the following relief: [1] statutory and

actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: October 21, 2026

Respectfully Submitted,

/s/ Tyson Schwartz

**TYSON SCHWARTZ, ESQ.**
Florida Bar No. 1078764
E-mail: tyson@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone: 754-229-5815

*COUNSEL FOR PLAINTIFF*